UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JACKSON,<br>CDCR #AK-4312,<br><br>                    Plaintiff,<br><br>vs.<br><br>P. COVELLO; J. JUAREZ; SERGEANT ANDERSON; CORRECTIONAL OFFICER MARTINEZ; A. CANEDO; A. TAYLOR; GARCIA; R. FLORES,<br><br>                    Defendants. | Case No.:  3:19-cv-2444 JAH MDD<br><br>**ORDER:**<br><br>**(1)  DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND**<br><br>**(2) GRANTING MOTIONS FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**[ECF Nos. 30, 34, 36, 38]** |

Plaintiff Ricardo Jackson, a prisoner currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion seeking reconsideration of this Court's February 26, 2020 Order. *See* ECF No. 30.

In its February 26, 2020 Order, the Court granted Plaintiff leave to proceed in forma pauperis, denied his request for appointment of counsel, denied his motion for preliminary injunction and dismissed some of his claims pursuant to by 28 U.S.C. § 1915(e)(2) and § 1915A. *See* ECF No. 23. However, the Court found that Plaintiff had pleaded First Amendment retaliation claims sufficient to withstand the sua sponte screening required by

28 U.S.C. § 1915(e)(2) and § 1915A as to Defendant Flores. (*See id.* at 11.)

Plaintiff was given the option to either notify the Court of his intention to proceed with his First Amendment retaliation claims against Flores only or file an amended pleading correcting all the deficiencies of pleading identified by the Court in the February 26, 2020 Order. (*Id.* at 12.) Instead, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals of the Court's Order. (*See* ECF No. 24.) However, on September 2, 2020, Plaintiff's appeal was dismissed for failure to prosecute. (*See* ECF No. 35.)

Plaintiff now asks the Court to reconsider the February 26, 2020 ruling in its entirety, including the rulings on Plaintiff's IFP motion and motion to appoint counsel. *See* ECF No. 30. Because Plaintiff fails to identify any intervening change in controlling law or demonstrate that the Court committed clear error in the February 26, 2020 Order however, his Motion for Reconsideration [ECF No. 30] must be DENIED.

## I.     Motion for Reconsideration

### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at 1049. Thus, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v.*

*Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

  B. <u>Discussion</u>

  Plaintiff argues in his motion that: (1) the Court's IFP ruling is "in excess of its jurisdiction and/or theft by trickery;" (2) the denial of his motion to appoint counsel is a "miscarriage of justice;" (3) there was a "denial of a fair proceeding" when the Court dismissed claims from this action for failing to state a claim. (Pl.'s Mot, ECF No. 30 at 1-4.)

    1. <u>IFP Motion</u>

  Plaintiff's objection to the ruling by the Court on his IFP Motion is not entirely clear. In the February 26, 2020, the Court informed Plaintiff that the IFP statute "requires prisoners seeking leave to proceed IFP to submit a 'certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint.'" *See* Feb. 26, 2020 Order at 2 citing 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). "From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in

any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2)." *Id*. at 2-3.

Plaintiff argues in his Motion that his trust account statements "show that from (2012) no money has been deposited into [Plaintiff's] account." (Pl.'s Mot. at 2.) The IFP statute does require the "court shall assess and, *when funds exist*, collect, as a partial payment of any court fees required by law, an initial partial filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). The Court did, in fact, review Plaintiff's trust account statement and found that "Plaintiff has had no monthly deposits to his account, has carried no balance over the six month period preceding the filing of his Complaint, and that his currently available balance is zero." (Feb. 26, 2020 Order at 3.)  For that reason, the Court declined to "exact" any partial filing fee because his "trust account statement shows he has no means to pay it." (*Id.* citing *Bruce v. Samuels*, __ U.S. __, 136 S.Ct. 627, 629 (2016). Moreover, the Court directed the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to only garnish "twenty percent (20%)" of Plaintiff's "preceding month's income" *only when* "the amount in [Plaintiff's trust account] exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2)." (Feb. 26, 2020 Order at 13.)

It is simply not clear the basis of Plaintiff's objection to this Order.  Plaintiff has not had any funds garnished to date in payment of the filing fee owed in this matter.  Thus, Plaintiff's Motion to Reconsider the Court's Order ruling on his IFP Motion is DENIED.

       2. <u>Motion to Appoint Counsel</u>

Plaintiff also objects to the Court's Order denying his Motion seeking appointment of counsel. (Pl.'s Mot. at 3-5.)  In the Court's February 26, 2020 Order, the Court found that the "pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally 'complex.'" (Feb. 26, 2020 Order at 3 citing *Agyeman v. Corr. Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004).) "Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time." (*Id.* citing *LaMere v. Risley*, 827 F.2d

622, 626 (9th Cir. 1987); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).)

Plaintiff argues this ruling was a "denial of due process by the Court and denial of access to the Court, which is also a denial of access to the Court." (Pl.'s Mot. at 4.) None of these reasons warrant reconsideration of the Court's February 26, 2020 Order denying appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), however. Specifically, the Court has already found some of Plaintiff's claims sufficient to withstand the initial screening required by 28 U.S.C. § 1915(e)(2) and § 1915A. *See* Feb. 26, 2020 Order at 11-12. The Court also informed Plaintiff of the deficiencies in his pleading as to all his other claims and provided him the opportunity to file an amended complaint to correct these deficiencies. *See id.* at 14. The Court further determined he is capable of "articulating the facts and circumstances relevant to his claims." *Id.* at 4. Plaintiff points to no new evidence not previously considered, no clear error in the Court's analysis, and no change in the controlling law governing the appointment of counsel in civil cases. *See Wood*, 759 F.3d at 1121.

### 3. Plaintiff's Complaint

As stated above, the Court's February 26, 2020 Order found that Plaintiff failed to state a claim against any named Defendant with the exception of his First Amendment retaliation claim against Defendant Flores. (Feb. 26, 2020 Order at 13-14.) Plaintiff argues that the Court should examine "all exhibits attached to original Complaint" in order to find that he has alleged sufficient facts upon which to state a claim. (*Id.* at 10.) However, "[w]hile 'much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim.'" *Thomas v. Donovan*, No. 3:19-CV-02181-JAH-RBB, 2020 WL 5106663, at *5 (S.D. Cal. Aug. 28, 2020) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017)). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a

claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

The remainder of Plaintiff's Motion adds a variety of additional facts that are not contained in his Complaint to support his argument that he has stated a claim against all the named Defendants. The Court cannot reconsider a ruling based on facts that were not before the Court. He then requests that the Court "vacate the dismissal judgment and reopen the case." (Pl.'s Mot. at 18.) Plaintiff is not correct with regard to the procedural status of this case. The Court has not entered judgment as to any Defendant in this matter. Plaintiff, in fact, has been given the opportunity to file an amended complaint in order to correct the problems with his pleading identified in the Court's February 26, 2020 Order. (*See* Feb. 26, 2020 Order at 14.) Moreover, Plaintiff has filed two pending motions seeking an extension of time to file an amended complaint.

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Motions for reconsideration, like the one Plaintiff has filed in this case, do not offer parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Plaintiff disagrees with the Court's assessment as to whether his case states a claim against each Defendant. But ultimately, as the party seeking reconsideration, he must do "more than disagree[] with the Court's decision," or offer a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

For all the above reasons, the Court DENIES Plaintiff's Motion for Reconsideration but will GRANT him additional time to file a First Amended Complaint.

**II.   Conclusion and Order**

For the reasons discussed, the Court:

(1) **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 30);

(2) **GRANTS** Plaintiff's Motions for Extension of Time to file an amended pleading (ECF Nos. 34, 36, 38); and

(3) **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted in the Court's February 26, 2020 Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

(4) **DIRECTS** the Clerk of Court to mail Plaintiff a blank copy of the Court's approved form complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use in amending.

**IT IS SO ORDERED**.

Dated: November 9, 2020

Hon. John A. Houston
United States District Judge