UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JACKSON, CDCR #AK-4312,<br><br>Plaintiff,<br><br>v.<br><br>P. COVELLO; J. JUAREZ; SERGEANT ANDERSON; CORRECTIONAL ORRICER MARTINEZE; A. CANEDO; A. TAYLOR; GARCIA; R. FLORES,<br><br>Defendant. | Case No.: 19CV2444-JAH-MDD<br><br>**ORDER GRANTING PLAINTIFF TIME TO AMEND** |

Pending before the Court is Plaintiff Ricardo Jackson's ("Plaintiff") Response to this Court's Order to Show Cause requesting an additional 25 days to file his amended complaint. *See* ECF 41. Plaintiff, a prisoner currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2020, pursuant to the *sua sponte* review of Plaintiff's complaint required by 28 U.S.C. §§ 1915(e)(2) and 1915A, this Court found Plaintiff had sufficiently pled only his First Amendment retaliation claims against Defendant Flores. *See* ECF 23. In that Order, Plaintiff was given the option to either notify the Court of his intention to proceed with his First Amendment retaliation claims against

1

| | |
|---|---|
| 1 | Flores only or to file an amended pleading correcting the deficiencies as to the remainder |
| 2 | of the claims. *Id.* |
| 3 | Instead, Plaintiff filed a Notice of Appeal with the Ninth Circuit (ECF 24), which |
| 4 | was dismissed (ECF 35). On November 9, 2020, after Plaintiff's appeal was dismissed, this |
| 5 | Court subsequently granted Plaintiff sixty (60) days leave in which to file an Amended |
| 6 | Complaint which cures the deficiencies of pleading noted in the Court's February 26, 2020 |
| 7 | Order. *See* ECF 39. However, Plaintiff failed to comply with this Court's Order and neither |
| 8 | filed an Amended Complaint nor provided notice of an intent to proceed only against |
| 9 | Defendant Flores on his First Amendment Retaliation claims. Therefore, on May 25, 2021, |
| 10 | the Court vacated Plaintiff's Option to Amend and ordered him to show cause as to why |
| 11 | Plaintiff's First Amendment claims should not be dismissed for failure to prosecute. *See* |
| 12 | ECF 40. |
| 13 | On June 25, 2021, Plaintiff filed a response to the Court's Order to Show Cause, |
| 14 | claiming ongoing and chronic medical conditions and the inability to receive adequate care |
| 15 | as reasons for failing to comply with this Court's November 9 Order. *See* ECF 41. Having |
| 16 | recently received care however, Plaintiff requests an additional twenty-five (25) days to |
| 17 | file an Amended Complaint. The Court finds Plaintiff has demonstrated good cause and |
| 18 | now deems it appropriate to grant Plaintiff's request. |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

Accordingly, **IT IS HEREBY ORDERED**, Plaintiff may file an Amended Complaint which cures all deficiencies of pleading noted in the Court's February 26, 2020 Order <u>within 35 days from the date of this Order.</u> Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not realleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

DATED: 6/30/2021

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE