UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JACKSON, CDCR #AK-4312, <br><br>                                Plaintiff, <br><br> vs. <br><br> P. COVELLO; J. JUAREZ; SERGEANT ANDERSON; CORRECTIONAL OFFICER MARTINEZ; A. CANEDO; A. TAYLOR-GARCIA; R. FLORES, <br><br>                                Defendants. | Case No.: 3:19-cv-2444 JAH MDD <br><br> **ORDER: (1) DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A; AND (2) DIRECTING USMS OF FIRST AMENDED COMPLAINT ON REMAINING DEFENDANTS** <br><br> **[ECF No. 45]** |

**I.    Procedural History**

Plaintiff Ricardo Jackson, a prisoner currently incarcerated at the California Health Care Facility ("CHCF"), proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 initially filed this action in the Northern District of California on September 13, 2019. (*See* ECF No. 1.) This matter was transferred to this Court on December 18, 2019 as the claims giving rise to the action occurred at the Richard J. Donovan Correctional Facility ("RJD"). (*See* ECF No. 17.)

///

On February 26, 2020, this Court granted Plaintiff leave to proceed in forma pauperis, denied his request for appointment of counsel, denied his motion for preliminary injunction, and dismissed some of his claims in his original Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (*See* ECF No. 23.) However, the Court found that Plaintiff had pleaded First Amendment retaliation claims sufficient to withstand the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A as to Defendant Flores. (*See id.* at 11.)

Plaintiff was given the option to either notify the Court of his intention to proceed with his First Amendment retaliation claims against Flores only or file an amended pleading correcting all the deficiencies of pleading identified by the Court in the February 26, 2020 Order. (*Id.* at 12.) Instead, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals of the Court's Order. (*See* ECF No. 24.) However, on September 2, 2020, Plaintiff's appeal was dismissed for failure to prosecute. (*See* ECF No. 35.)

Plaintiff also requested that this Court reconsider the February 26, 2020 ruling in its entirety, including the rulings on Plaintiff's IFP motion and motion to appoint counsel. (*See* ECF No. 30.) Because Plaintiff failed to identify any intervening change in controlling law or show that the Court committed clear error in the February 26, 2020 Order, his Motion for Reconsideration [ECF No. 30] was denied. (*See* ECF No. 39.) However, the Court did give Plaintiff sixty (60) days from November 10, 2020 to file an amended pleading. (*See id.*)

After remand, on January 27, 2022, the Court issued an Order to Show Cause ("OSC") why this entire action should not be dismissed for failing to prosecute. (*See* ECF No. 43.) Plaintiff filed a response to the Court's OSC, the Court vacated the OSC and allowed Plaintiff to file a First Amended Complaint ("FAC") on April 7, 2022. (*See* ECF Nos. 44, 45, 46.)

/ / /

/ / /

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

this plausibility standard. *Id.*

### B.     Plaintiff's Allegations

On December 22, 2015, Plaintiff alleges that an inmate "was forced" into a cell with him. (*See* FAC at 5.) Plaintiff complained to an unnamed correctional officer who purportedly told Plaintiff he "must not ask him any questions." (*Id.*) Plaintiff told this unnamed correctional officer that he was going to "write him up for retaliation" and in response, this officer searched Plaintiff's cell and "illegally took property items from the cell." (*Id.*)

On April 4, 2016, Plaintiff appeared before Defendant Flores ("Flores") at a Classification Committee hearing at which time Plaintiff claims he told Flores about the December 2015 cell incident. (*See id.*) Plaintiff alleges Flores told the committee that Plaintiff is "one who likes to file grievances against staff and officials." (*Id.*) Flores told the committee that Plaintiff is "clear for double cell." (*Id.*)

Plaintiff appeared again before the classification committee on December 27, 2016. (*See id.* at 7.) Flores again presided over the hearing and again "deem[ed] [Plaintiff] double cell clear." (*Id.*) Plaintiff filed a grievance against Flores on January 14, 2017 but "it went unanswered." (*Id.*)

In February of 2017, Defendant Canedo ("Canedo") called Plaintiff to the program office for a "RVR/115 hearing" for which Canedo was the hearing officer. (*Id.*) Plaintiff alleges Canedo said to him "oh, so you're the inmate who likes to file grievances against staff and officials?" (*Id.* at 8.) Canedo asked Plaintiff if he had any witnesses for his hearing and Plaintiff informed him that "Dr. John Hodges" is his witness and requested that he be present at the hearing." (*Id.*) However, Canedo informed Plaintiff that he was going to find him guilty, that he had "spoken to seven nurses, and they told him they don't know what Plaintiff Jackson is talking about." (*Id.*) Plaintiff was assessed a thirty (30) loss of privileges. (*See id.*)

Two years later, on February 12, 2018, Plaintiff's cell was searched and "several personal items where taken from Plaintiff's cell" in retaliation for filing grievances. (*Id.*

4

at 9.)  When Plaintiff discovered items were missing, he notified Sergeant Keener[1] of the missing items.  (*See id.*)  He claims Keener told him that she would "check on all the items/property taken" but she "never did."  (*Id.*)  Plaintiff filed a grievance seeking the return of the property but received no response.  (*See id.*)

On November 19, 2018, Canedo called Plaintiff to the program office for "another RVR/115 hearing" on the "same issue for not showing up for job assignments."  (*Id.* at 10.)  Plaintiff claims Canedo told him "I remember you, you're the inmate who likes to write staff up."  (*Id.*)  Plaintiff asked Canedo to again call Dr. Hodges as his witness.  (*See id.*)  Canedo called Dr. Hodges and asked him about Plaintiff's "limited duty unassigned status."  (*Id.*)  Dr. Hodges told Canedo that Plaintiff has a "permanent disability, limited duty, and unassigned" and he is "high risk medical and cannot be assigned."  (*Id.*)  This purportedly caused Canedo to get "upset and rudely hung up the phone on doctor" and told Plaintiff he was finding him guilty."  (*Id.*)  Plaintiff lost "good time credit" as a result of the guilty finding.  (*Id.* at 11.)

On February 15, 2019, there was a riot at RJD.  (*See id.* at 12.)  Plaintiff alleges prison officials "ignore the serious risk of danger to inmates with disabilities who can get hurt easily."  (*Id.*)  Plaintiff claims as a result, he lives "every day not knowing and wondering when and what is going to happen to us."  (*Id.* at 13.)

On January 16, 2019, Plaintiff was called to the program office by Defendant A. Taylor-Garcia ("Taylor-Garcia") for a classification committee hearing.  (*See id.*)  Plaintiff told Taylor-Garcia that the information she had about him was "not correct" and it was false information prepared by Flores and Canedo.  (*Id.*)  Plaintiff again asked for Dr. Hodges to be called by Taylor-Garcia but she refused to do so.  (*See id.* at 14.)  Plaintiff requested that Defendant Martinez ("Martinez"), who is Taylor-Garcia's supervisor, to also call Dr. Hodges.  (*See id.*)

---

[1] Keener is not a named Defendant.

Defendant Plascencia ("Plascencia") called Plaintiff to her office and told him that it "was time for Plaintiff's annual classification committee hearing." (*Id.* at 20.) Plaintiff told Plascencia about his "past in-cell incidents which includes physical assault and battery in the cell by cellmates." (*Id.*) Plascencia was also informed that Plaintiff "cannot be assigned to any work program." (*Id.*) Plaintiff also gave Plascencia "documentation signed by Dr. John Hodges that clearly stated that Plaintiff has a permanent disability." (*Id.*) On December 10, 2020, Plaintiff appeared before the classification committee. Defendant Carrillo ("Carrillo") was "head of the hearing" and Plascencia was also present. (*Id.* at 21.) Plascencia told Plaintiff that she is "putting [him] up for transfer" and he is "clear for double cell and dorm living." (*Id.*) Plaintiff claims Carrillo did "nothing to stop Plascencia's illegal conduct" which is "in deliberate indifference toward [Plaintiff's] safety." (*Id.* at 24.)

Plaintiff seeks injunctive relief, compensatory damages of $50,000 against each Defendant, and punitive damages of $50,000 against each Defendant. (*See id.* at 41.)

### C.  Individual Causation

As an initial matter, Plaintiff's FAC fails to contain any factual allegations that Defendants Covello, Juarez, or Anderson were ever actually aware of the claims Plaintiff raises in this action. Instead, he alleges that they had "constructive notice" because he wrote letters to them. In his FAC, Plaintiff appears to acknowledge that these letters were sent back to him with the instruction to file them as administrative grievances and thus, these letters were not actually delivered to these Defendants.

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

1  "The inquiry into causation must be individualized and focus on the duties and
2  responsibilities of each individual defendant whose acts or omissions are alleged to have
3  caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988),
4  citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457,
5  460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir.
6  1999) ("Causation is, of course, a required element of a § 1983 claim.")  A person
7  deprives another "of a constitutional right, within the meaning of section 1983, if he does
8  an affirmative act, participates in another's affirmative acts, or omits to perform an act
9  which he is legally required to do that causes the deprivation of which [the plaintiff
10 complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has not
11 stated a claim against these Defendants because he has failed to allege facts regarding
12 what actions were taken or not taken by these Defendants which caused the alleged
13 constitutional violations.  *See Canton*, 489 U.S. at 385 ("*Respondeat* superior and
14 vicarious liability will not attach under § 1983."), citing *Monell*, 436 U.S. at 694-95.

Accordingly, the Court DISMISSES all claims against Defendants Covello, Juarez, and Anderson for failing to state a claim upon which relief may be granted.

### D. Failure to Protect

The Court construes Plaintiff's request to reside in a single cell while housed at RJD as a claim of failure to protect him from harm by other inmates arising under the Eighth Amendment.  Plaintiff claims that as a result he "lives every day not knowing and wondering when and what is going to happen to [him]."  (FAC at 13.)  Plaintiff does not allege any specific physical injury after he claims he notified Defendants of his concerns while housed at RJD.

Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, Plaintiff must allege Defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or

knowledge at the other." *Id.* at 836.

A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff references past incidents of violence at the hands of other inmates but these incidents are alleged to have occurred prior to his interactions with the named Defendants in this action.  (*See* FAC at 5-6.)  Plaintiff does not identify any incident in which he was subjected to physical injury while housed at RJD after allegedly notifying the named Defendants of his concerns with being housed with another inmate.

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson*, 588 F.2d at 743.  Plaintiff must allege which Defendant purportedly knew of a serious risk to Plaintiff's safety and deliberately ignored that risk.  Accordingly, the Court finds that Plaintiff offers no factual allegations that Defendants knew or should have known that other inmates posed a risk to Plaintiff.  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur."); *Hernandez v. Schriro*, 2011 WL 2910710, at *6 (D. Ariz. July 20, 2011) ("[w]hile theoretical risk is always possible, *Farmer* requires more—'conditions posing a substantial risk of serious harm.'") (citation omitted)).

Accordingly, the Court DISMISSES Plaintiff's Eighth Amendment claims for failing to state a claim upon which relief may be granted.

E. **Due Process claims**

Plaintiff also alleges that his due process rights were violated during his disciplinary and classification hearings.  The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law."

U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013).

Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether plaintiff's due process claims require *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, *i.e.*, lost privileges, *see* FAC at 8, 10, imposed the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to *Wolff's* procedural protections.

These lost privileges do not constitute "atypical and significant" hardships. *See Sandin,* 515 U.S. at 484; *see also Sanchez v. Miller*, 2016 WL 536890, at *5 (S.D. Cal. 2016) (Status "deprivations were limited in duration and type, and these limited deprivations do not constitute a hardship that is atypical and significant 'in relation to the ordinary incidents of prison life.'"), *report and recommendation adopted,* 2016 WL 524438 (S.D. Cal. 2016); *Randle v. Melendrez*, 2017 WL 1197864, at *4 (C.D. Cal. 2017) (finding "four months in administrative segregation as a result of the false RVR," during which plaintiff was deprived of contact visits, "packages, canteen, unrestricted yard, phone calls and personal property" insufficient to implicate a protected liberty interest under *Sandin*), *report and recommendation adopted*, 2017 WL 1199719 (C.D. Cal. 2017).

Accordingly, the Court DISMISSES Plaintiff's Fourteenth Amendment due process claims for failing to state a claim upon which relief may be granted.

F.   **Retaliation claims**

The Court finds Plaintiff's FAC contains First Amendment retaliation allegations against Canedo, Taylor-Garcia, Flores, Plascencia, and Carrillo sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm,* 680 F.3d at 1123; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

### G. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies as to his Eighth and Fourteenth Amendment due process claims, his claims against Covello, Juarez, and Anderson, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend as to these claims would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Order

For the reasons discussed, the Court:

(1) **DISMISSES** all claims against Defendants Covello, Juarez, and Anderson for failing to state a claim and without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b);

(2) **DISMISSES** Plaintiff's Eighth and Fourteenth Amendment claims for failing to state a claim and without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b);

(3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 45) and forward it to Plaintiff along with blank U.S. Marshal Form 285s for Defendants Martinez, Canedo, Taylor-Garcia, Flores, Plascencia, and Carrillo. In addition, the Clerk will provide Plaintiff with a certified copy of February 26, 2020 Order granting IFP status, a certified copy of his FAC, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," ***and in no case later than 15 days after***

*receipt,* Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk will provide in the letter accompanying his IFP package.

(4)     **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants Martinez, Canedo, Taylor-Garcia, Flores, Plascencia, and Carrillo as directed by Plaintiff on the USM Form 285s provided to him, and file executed waivers or proofs of personal service upon each Defendant with the Clerk of Court **within 30 days of their return**. Should any Defendant fail to return the U.S. Marshal's request for waiver of personal service within that time, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, complaint, and request for waiver was mailed to that Defendant, and note that service upon that party remains unexecuted. All costs of U.S. Marshal service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on behalf of Plaintiff, the Court will impose upon the Defendant any expenses later incurred in making service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

(5)     **ORDERS** Defendants Martinez, Canedo, Taylor-Garcia, Flores, Plascencia, and Carrillo, once served, to reply to Plaintiff's FAC, *and any subsequent pleading Plaintiff may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

6) **ORDERS** Plaintiff, after initial service has been effected by the U.S. Marshal, to serve upon Defendants Martinez, Canedo, Taylor-Garcia, Flores, Plascencia, and Carrillo, or if appearance has been entered by counsel, upon Defendants' counsel, by U.S. Mail, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: November 8, 2022

Hon. John A. Houston
United States District Judge