UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JACKSON,<br><br>            Plaintiff,<br><br>v.<br><br>P. COVELLO, et al.<br><br>            Defendants. | Case No.: 3:19-cv-02444-JAH-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ECF No. 60-1** |

Presently before the Court is Plaintiff Ricardo Jackson's ("Plaintiff") motion requesting the appointment of counsel to assist him in prosecuting this civil action filed pursuant to 42 U.S.C. § 1983. (Mot., ECF No. 60-1). Plaintiff makes various arguments in support of his request. First, Plaintiff states he should be appointed counsel because the complexity of the issues would require significant research and investigation, and he has "limited access to the law library and limited knowledge of the law in comparison to the 'Attorney General's Office' … " (*Id.* at 1). Second, Plaintiff asserts that the cases and various rules and authorities cited in Defendants' motion to dismiss "is a whole lot to research." (*Id.* at 2). Third, Plaintiff notes the challenges associated with conducting a trial, presenting evidence, and cross-examining witnesses as a self-represented individual. (*Id.*) Fourth, Plaintiff describes his various medical disabilities and pains "that enables

Plaintiff to sit for any long period of time." (*Id.*)  Finally, Plaintiff states that, despite his efforts, he has been unable to obtain pro bono counsel.  (*Id.*)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision.'"  *Id.*  (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, although it appears Plaintiff is indigent, the Court finds the appointment of counsel inappropriate at this juncture.  The Court is unable to determine Plaintiff's likelihood of success on the merits, as Defendant's motion to dismiss is pending.  Although Plaintiff alleges to suffer from physical disabilities, the various iterations of Plaintiff's complaint, and its ability to survive *sua sponte* screening, demonstrate his ability to sufficiently grasp the legal issues involved and to adequately articulate his claims.  Furthermore, the Court finds that, neither the limitations of imprisonment, nor Plaintiff's lack of legal knowledge, qualify as an exceptional circumstance warranting the appointment of counsel.

///
///
///
///
///
///
///

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel because it is not warranted by the interests of justice. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: June 22, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE