UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JACKSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>P. COVELLO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-02444-JAH-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 66]; AND**<br><br>**(2) GRANTING PLAINTIFF's MOTION FOR EXTENSION OF TIME [ECF No. 67]** |

Presently before the Court are two motions filed by Plaintiff Ricardo Jackson ("Plaintiff"). First, Plaintiff filed a motion requesting appointment of counsel to assist him in prosecuting this civil action filed pursuant to 42 U.S.C. § 1983. (ECF No. 66.) Additionally, Plaintiff filed an *ex parte* motion for an extension of time to file an opposition to the motion to dismiss filed by the remaining defendants. (ECF No. 67.) For the reasons set forth below, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel (ECF No. 66) and **GRANTS** Plaintiff's motion for an extension of time (ECF No. 67).

///

## I. MOTION FOR APPOINTMENT OF COUNSEL

In his motion, Plaintiff requests the Court appoint counsel to assist him in prosecuting this civil action filed pursuant to 42 U.S.C. § 1983. (ECF No. 66.) Plaintiff makes various arguments in support of his request. First, Plaintiff states he should be appointed counsel because the complexity of the issues would require significant research and investigation and he "has limited access to the law library and limited knowledge of the law, in comparison to the 'Attorney General's Office . . . .'" (*Id.* at 1.) Second, Plaintiff asserts that the cases and various rules and authorities cited in Defendants' motion to dismiss "is a whole lot to research." (*Id.* at 2.) Third, Plaintiff notes the challenges associated with conducting a trial, presenting evidence, and cross-examining witnesses as a self-represented individual. (*Id.*) Fourth, Plaintiff describes his various medical disabilities and related pains as "major" hindrances to his ability to "prepar[e] his active case in a timely manner." (*Id.*) Finally, Plaintiff states that, despite his efforts, he has been unable to obtain *pro bono* counsel. (*Id.*)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrel v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, although it appears Plaintiff is indigent, the Court finds that the appointment of counsel is inappropriate at this juncture. The Court is unable to determine Plaintiff's likelihood of success on the merits, as Defendant's motion to dismiss remains pending. Although Plaintiff alleges he suffers from physical disabilities, the various iterations of

Plaintiff's complaint, and its ability to survive *sua sponte* screening, demonstrate his ability to sufficiently grasp the legal issues involved and to adequately articulate his claims. Furthermore, the Court finds that neither the limitations of imprisonment, nor Plaintiff's lack of legal knowledge, qualify as an exceptional circumstance warranting the appointment of counsel.

Accordingly, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel because it is not warranted by the interests of justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

## II. MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION

Additionally, Plaintiff is requesting an extension of time to file his opposition to Defendants' motion to dismiss. (ECF No. 67.) Defendants filed the motion to dismiss on February 14, 2023. (ECF No. 57.) The Honorable Mitchell D. Dembin thereafter ordered Plaintiff to file an opposition no later than March 15, 2023. (ECF No. 59.) Due to rainy weather, difficulty getting into the law library, and his medical conditions and disabilities, Plaintiff sought an extension of time to file an opposition. (ECF No. 60.) The Honorable John A. Houston granted the request and continued Plaintiff's deadline to file an opposition to April 14, 2023. (ECF No. 61.) On April 25, 2023, Plaintiff filed a subsequent motion seeking an extension of time from the Court until June 20, 2023. (ECF No. 63.) The Court granted the requested extension and continued Plaintiff's deadline to file an opposition to June 20, 2023. (ECF No. 64.)

On June 29, 2023, Plaintiff filed the present motion seeking an additional extension of time until July 15, 2023[1]. (ECF No. 67.) In his motion, Plaintiff argues circumstances out of his control prevented him from timely filing his opposition, necessitate the requested

---

[1]  Plaintiff's motion requests "15 days more" (ECF No. 67-1 at 2) "to an including July 15, 2023" (ECF No. 67 at 1). The Court notes that fifteen days past the current deadline was July 5, 2023.

extension, and constitute excusable neglect[2] for the late request. (ECF Nos. 67 at 1; 67-1 at 2–3.) Specifically, Plaintiff asserts a COVID-19 outbreak amongst inmates resulted in a "quarantine lockdown for over a month," during which movement was limited to only the medical bay. (ECF No. 67-1 at 2.) Further, Plaintiff claims that his "disabilities and other medical conditions" have limited his ability to prepare his objection. (*Id.*)

Plaintiff specifies he has "almost finish[ed his] objection" and still must determine the status of cited legal authorities. (*Id.*) Because Plaintiff claims to have been close to completing his opposition and his request is modest, the Court will grant the requested extension. However, Plaintiff is cautioned that <u>no further extensions are likely to be granted</u>.

Based on the forgoing, and for good cause shown, the Court **GRANTS** Plaintiff's motion for an extension of time.[3]

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion requesting the appointment of counsel (ECF No. 66) is **DENIED without prejudice**; and

//
//
//
//
//

---

[2] Pursuant to Judge Burkhardt's Civil Chambers Rules, "[a]ny motion filed fewer than 7 calendar days in advance of the dates and deadlines at issue must address excusable neglect for the untimely request." J. Burkhardt Civ. Chambers R. § IV(A).

[3] Liberally interpreting Plaintiff's motion as a request for an extension until July 15, 2023, the Court grants Plaintiff's motion by extending the deadline to July 18, 2023, the date of this Order.

2. Plaintiff's motion for an extension of time to file an opposition (ECF No. 67) is **GRANTED**. Accordingly, Plaintiff shall file his opposition to Defendants' motion to dismiss on or before **July 18, 2023**. Defendants may file a reply on or before **July 28, 2023**.

**IT IS SO ORDERED.**

Dated: July 18, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge